IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HSBC MORTGAGE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> EQUISOUTH MORTGAGE, INC., and MORRIS A. CAPOUANO, <br><br> Defendants. | Case No. 10 C 4747 <br><br> Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

The Plaintiff, HSBC Mortgage Services, Inc. ("HSBC"), moves to strike portions of Defendant Equisouth Mortgage, Inc.'s ("Equisouth") Answer and the entirety of Equisouth and Co-Defendant Morris Capouano's ("Capouano") Affirmative Defenses. For the reasons that follow, the Motion is granted in part and denied in part.

**I.  BACKGROUND**

HSBC brought suit against the Defendants alleging breach of a loan purchase agreement by Equisouth and breach of a personal guaranty by Capouano, the President of Equisouth. Defendants answered the complaint on October 18, 2010. The dispute centers around three loans — the Ferro loan, the Rasberry loan, and the Lozano loan. Plaintiff contends these loan documents contained material misrepresentations in regards to the borrower's employment, rent or occupancy, and that Equisouth has wrongly

refused to repurchase the loans.  Capouano and Equisouth contend that the loan documents were accurate at the time of loan, or, in the case of the Ferro loan, that Equisouth had no obligation to verify the borrower's employment information.

As a preliminary matter, Defendants assert that Plaintiff's Motion was untimely filed on November 22, 2010 because FED. R. CIV. P. 12(f) requires that such a motion be filed with 21 days of service of the Answer.  Even assuming Plaintiff had an additional three days to file pursuant to FED. R. CIV. P. 6(d) because it was served electronically, its motions were nonetheless untimely.  Regardless, the Court may choose to address the merits of the motion to strike.  *Sommerfield v. City of Chicago*, No. 06 C 3132, 2010 WL 3786968, *5  (N.D. Ill. Sept. 20, 2010).

## II.  **STANDARD OF REVIEW**

Rule 12(f) provides that a court may strike an insufficient defense or "any redundant, immaterial, impertinent or scandalous matter."  Generally, motions to strike are disfavored, but they are appropriate to remove "unnecessary clutter" from the litigation. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  The decision of whether to strike material is within the discretion of the trial court.  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## III. DISCUSSION

Each of Plaintiff's motions will be taken in turn.

### A. Motion to Strike Portions of Equisouth's Answer

First, HSBC contends Equisouth made numerous "self-serving averments" in its answer, including stating its position as to the wording of certain sections of the September 20, 2001 Flow Loan Purchase Agreement at issue in this case. HSBC seeks to strike Paragraphs 19, 20, 21, 22 and 52 of Equisouth's Answer. In those paragraphs, Equisouth generally asserts the Flow Loan Purchase Agreement was altered or amended, and quotes what it contends are the provisions of the amended agreement.

FED R. CIV. P. 8(b) requires that in responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it, admit or deny the allegations raised against it, and fairly respond to the substance of the allegations. Equisouth meets this obligation in the paragraphs complained of by Plaintiff, and nothing in Rule 8(b) prohibits the additional statements that Equisouth includes in its answer. As such, HSBC's Motion to Strike portions of Equisouth's Answer is denied.

### B. Motion to Strike Equisouth's and Capouano's Affirmative Defenses

Although Defendants submitted separate answers, they generally assert the same affirmative defenses with the same numbering. As such, the Court will jointly consider HSBC's motion to strike those defenses, with any differences noted where applicable.

Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly plead as an affirmative defense; (2) whether the affirmative defense complies with FED. R. CIV. P. 8 and 9; and (3) whether the affirmative defense can withstand a challenge under Rule 12(b)(6). *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2007 WL 1238917, at *1 (N.D. Ill. April 25, 2007). An affirmative defense that fails to meet any of these standards must be stricken to make the pleadings more precise. *Id.*

Affirmative defenses are subject to the liberal notice pleading standards of the Federal Rules of Civil Procedure. Unless a defense is patently defective, it should remain. *Sayad v. Dura Pharm., Inc.*, 200 F.R.D. 419, 421 (N.D. Ill. 2001). However, an affirmative defense must include "either direct or inferential allegations respecting all material elements of the claim asserted," and bare legal conclusions do not suffice. *Renalds v. S.R.G. Rest. Group*, 119 F.Supp.2d 800, 802 (N.D. Ill. 2000). In analyzing these defenses, the Court will apply Illinois law because the parties concur that the agreements between them state that they will be governed by Illinois law. *MAN Roland, Inc. v. Quantum Color Corp.*, 57 F.Supp.2d 576, 579 (N.D. Ill. 1999); *see* Comp. ¶ 16, Def.'s Ans. ¶ 16.

As a preliminary matter, Equisouth admits that its Affirmative Defenses "1," "2," "3," and "15" are improper and should be

stricken.  Because the same is true for Capouano's Affirmative Defenses "1," "2," and "3," they are also stricken.

As for its remaining affirmative defenses, Equisouth and Capuano assert that they are properly pled, while Equisouth contends they merely contradict the Plaintiff's material allegations or do not provide any factual support for the alleged defenses.

Defendants' Fourth Affirmative Defense is that the September 20, 2001 agreement is not a valid and enforceable contract for several reasons, including that it is vague and does not represent the parties' mutual intent.  The factual support given is sufficient to put HSBC on notice, so the defense will stand.

HSBC alleges that Defendants' Fifth Affirmative Defense, substantial or full performance, simply contradicts the allegations in its complaint.  However, payment is an affirmative defense that must be specifically pled under FED. R. CIV. P. 8(c), so this Court will allow the defense to stand.  Similarly, the Court will allow Defendants' Sixth Affirmative Defense, based on the statute of frauds, to stand.

Defendants contend that their Seventh through Eleventh Affirmative Defenses — unclean hands, failure to mitigate damages, laches, unjust enrichment and comparative fault — are supported by the allegations in Paragraphs 12-14 of its Answer.  In those

paragraphs, Defendants allege that the Ferro loan was a no income verification loan, so Equisouth had no obligation to provide any employment information to HSBC. Defendants allege that as to the Rasberry loan, the loan documents contain accurate representations about the borrower's employment and rental status as of the time the loan was made. Defendants allege that Plaintiff ignored an investigation by Equisouth and one of its own employees confirming the accuracy of this information. Finally, Defendants allege that as to the Lozano loan, the loan documents contain accurate information about the borrower's occupation of the mortgaged property as of the time the loan was made. Defendants contend that HSBC ignored Equisouth's investigation confirming the accuracy of this information. Based on these of these averments, Defendants allege Equisouth does not have any obligation to repurchase these loans or make any other payment to HSBC.

These averments are sufficient to give notice of the defense of failure to mitigate damages, so the Eighth Affirmative Defense will stand. *See, Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999) (allowing brief allegation of failure to mitigate damages at the beginning of a case).

However, in regard to laches and unjust enrichment, Defendants' averments are insufficient to sketch out the specific elements required to establish the defenses under Illinois law.

*See, Reis Robotics USA, Inc. v. Concept Indust.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006) (providing that equitable defenses must be pled with particularity). So Defendants' Affirmative Defenses "9" and "10" will be stricken with leave to replead.

Further, although not raised by HSBC, under Illinois law, the doctrine of unclean hands bars only equitable remedies and does not affect legal rights. *Citadel Group, Ltd. v. Washington Reg'l Med. Center,* No. 07-CV-1394, 2009 WL 1329217, at *5 (N.D. Ill. May 13, 2009); *Zahl v. Krupa*, 850 N.E.2d 304, 309–310 (Ill. App. Ct. 2006). Defendants fail to explain why it should apply in this case, where Plaintiff is seeking money damages. Similarly, under Illinois law, the doctrine of comparative fault does not apply to breach of contract claims. *Klingler Farms, Inc. v. Effingham Equity, Inc.*, 525 N.E.2d 1172, 1176 (Ill. App. Ct. 1988). As such, Defendants' Affirmative Defenses "7" and "11" are stricken.

Equisouth, but not Capouano, alleges in its Affirmative Defense "16" that Plaintiff waived its rights by failing to give Equisouth notice of any deficiencies within 30 days, as provided "under the intended language of Section 10 of the Flow Loan Purchase Agreement." Because this is sufficient to give HSBC notice of the affirmative defense of waiver, the affirmative defense will stand.

Finally, Equisouth's Affirmative Defense "18" and Capouano's Affirmative Defense "15" merely assert that Defendants reserve the

right to add additional affirmative defenses. Because Defendants may seek to amend their answers if they wish to add additional affirmative defenses, this is not a proper affirmative defense. *Reis Robotics,* 462 F.Supp.2d at 907. As such, these affirmative defenses will likewise be stricken.

### IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Plaintiff's Motion to Strike portions of Equisouth's Answer is denied.

2. Plaintiff's Motion to Strike Defendants' Affirmative Defenses is granted in part and denied in part. Equisouth's Affirmative Defenses "1," "2," "3," "7," "11," "15" and "18" are stricken as improper. Capouano's Affirmative Defenses "1," "2," "3," "7," "11," and "15" are also stricken as improper.

3. Defendants' Affirmative Defenses "9" and "10" are stricken with leave to replead.

4. Plaintiff's Motion to Strike is denied as to Defendants' Affirmative Defenses "4," "5," "6," and "8" and Equisouth's Affirmative Defense "16."

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** February 7, 2011